UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BREK RENZELMAN,

           Plaintiff,

                                               Case No. 23-cv-0847-bhl

   v.

MILWAUKEE SYMPHONY ORCHESTRA INC,

           Defendant.

## ORDER DISMISSING CASE

      On June 26, 2023, Plaintiff Brek Renzelman, proceeding *pro se*, filed a complaint against the Milwaukee Symphony Orchestra Inc. (MSO), alleging the MSO failed to provide Renzelman with a reasonable accommodation for their vaccination policy starting in the fall of 2021. (ECF No. 1.) Renzelman claims the MSO violated both the Americans with Disabilities Act and Title VII of the Civil Rights Act by refusing him a vaccine exemption on the basis of either his medical condition or his religious beliefs. (*Id.* ¶¶26–34.) MSO answered the complaint on July 20, 2023, and the Court issued a scheduling order on August 30, 2023. (ECF Nos. 6 & 14.) On December 13, 2023, the MSO filed a suggestion of death as to Plaintiff Renzelman. (ECF No. 19.) Attached to the suggestion of death was an email that Milwaukee Area Community Chorus & Orchestra sent to its musicians, stating Renzelman was found deceased in his home early in the morning on November 29, 2023. (ECF No. 19 at 2.) The email further stated that Renzelman had no family in the area since his wife died about twenty years ago. (*Id.*) His elderly parents live in Pennsylvania. (*Id.*)

      Just over ninety days later, on March 18, 2024, MSO moved to dismiss Renzelman's complaint pursuant to Federal Rule of Civil Procedure 25(a)(1). (ECF No. 20.) In support of its motion, MSO attaches an affidavit from one of its attorneys. (ECF No. 22.) The affidavit states that MSO was informed that Renzelman had passed away on November 29, 2023, and since then, MSO has unsuccessfully searched public records for any successor or representative for Renzelman. (*Id.* at 1–2.) MSO found contact information for someone believed to be Renzelman's

brother and MSO served the Suggestion of Death on this person but received no response as of March 18, 2024. (*Id.* at 2.) To date, no one has replied to MSO's motion to dismiss.

Since MSO filed the motion to dismiss, an application for informal probate has been opened to distribute Renzelman's estate. *See In re Estate of Brek Renzelman*, Milwaukee County Case No. 2024PR000475 (Mar. 25, 2024), https://wcca.wicourts.gov/caseDetail.html?caseNo=2024PR000475&countyNo=40&index=0. That action does not yet list a representative or successor and lists two individuals with the same Pennsylvania address—likely Renzelman's parents—as the estate's heirs. *See id.* Online records indicate the estate has not yet been distributed. *See id.*

Federal Rule of Civil Procedure 25 allows for substitution of parties after a party's death. If a party dies and his claim is not extinguished, the Court may order substitution of the proper party, like the decedent's successor or representative. Fed. R. Civ. P. 25(a)(1). The motion for substitution must be made within 90 days after service of a statement noting the death; if it is not, the action by the decedent must be dismissed. *Id.* A "suggestion of death" under Rule 25(a)(1) is meant to alert nonparties to the consequences of the death of a party in a lawsuit, signaling that any nonparty must act if they want to preserve the decedent's claim. *Edwards v. Frank*, No. 05-C-1206, 2007 WL 1029086, at *1 (E.D. Wis. Mar. 30, 2007) (citing *Fariss v. Lynchburg Foundry*, 769 F.2d 958, 962 (4th Cir. 1985)). MSO was required to serve Renzelman's representative or successor with notice in order to trigger Rule 25's ninety-day period to file a motion for substitution. *See Knox v. Does Cliff*, No. 21-cv-222-jdp, 2023 WL 157406, at *1 (W.D. Wis. Jan. 11, 2023) (citing *McSwain v. Suliene*, Nos. 09-cv-219-bbc & 09-cv-649-bbc, 2010 WL 148185, at *1 (W.D. Wis. Jan. 11, 2010)); *see also Atkins v. City of Chicago*, 547 F.3d 869, 873–74 (7th Cir. 2008). That said, the service requirement is waived when the party filing the notice does not know the identity of the representative or successor because a motion for substitution can only be filed by a party, executor or administrator of the decedent's estate, or the estate's heirs if the estate has already been distributed. *See Knox*, 2023 WL 157406, at *1; *Atkins*, 547 F.3d at 872.

Given MSO's demonstrated efforts to contact Renzelman's successor and the failure of any interested party to appear, the Court will grant MSO's motion and dismiss this case. Public records do not identify Renzelman's representative or successor and, thus, the service requirement of the suggestion of death was waived. *See McSwain*, 2010 WL 148185, at *1. MSO nevertheless served the suggestion of death on an individual believed to be Renzelman's brother over ninety

days ago, and that individual failed to either respond to MSO or file a motion for substitution in this case. (*See* ECF No. 22 at 2.) Because no motion for substitution has been made within ninety days of service of a statement noting Plaintiff's death, under Rule 25(a)(1), this action will be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that MSO's motion to dismiss, ECF No. 20, is **GRANTED** and this action is **dismissed**. The Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on April 19, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge